UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 98-30373

JEFFREY MIMS,

Petitioner-Appellant,

versus

JAMES M. LEBLANC, Warden; RICHARD P. IEYOUB,
Attorney General, State of Louisiana,

Respondents-Appellees.

Appeal from the United States District Court
for the Eastern District of Louisiana

May 13, 1999

Before JONES, DUHÉ, and BARKSDALE, Circuit Judges.

EDITH H. JONES, Circuit Judge:

Appellant Jeffrey Mims is a prisoner in a Louisiana state penitentiary serving a forty year sentence for manslaughter. He filed the present habeas corpus petition claiming that the inordinate delay in his direct appeal, which has lingered in a Louisiana appellate court for two years, has violated his due process rights.

## BACKGROUND

Mims was found guilty by a Louisiana jury of manslaughter on April 20, 1996 and was subsequently sentenced to a forty year term of imprisonment. He appealed to the Louisiana Fourth Circuit Court of Appeals on February 5, 1997 after obtaining permission to

file an out-of-time appeal. The record was then lodged in the appellate court; however, it did not contain the trial transcript or the transcript of the multiple bill hearing. Therefore, on July 21, 1997, the Louisiana appellate court ordered the trial court to supplement the record with the missing transcripts within 30 days. The order was not complied with, however, so the court granted a deadline extension until October 21, 1997. By October 23, 1997, all but the trial transcript had been filed so the court again ordered the record to be supplemented and granted another 30 day deadline. The order concluded with a warning that "[f]ailure to comply with this order will result in commencement of contempt proceedings." Because the October order was only partially complied with, the appellate court, on January 30, 1998, again ordered the trial court to transcribe and file the remaining portions of the trial transcript, placing an April 21, 1998 deadline.

In the interim, on December 30, 1997, appellant filed the present federal habeas corpus petition, arguing that the delay in preparing his trial transcript constituted a violation of his due process rights. The district court denied Mims's petition, by order dated March 13, 1998, for two reasons. First, the court stated that the delay, while unfortunate, was "not so extreme or unreasonable as to violate due process." Second, the court noted

2

that Mims "has not alleged that he was in any way prejudiced by this delay."

Mims appeals the district court's denial,[1] arguing that he is being constructively denied due process by the delay in preparing the record for appellate review. He argues that the district court erred in finding that he did not raise the issue of prejudice. He contends here, as he did in the district court, that he is prejudiced because, due to the missing portions of the record, his appellate counsel, who did not represent him at trial, has been hindered in her ability to effectively appeal his conviction.

The state's appeal brief to this court notes that the full testimonial record was submitted to the Louisiana appellate court before July 1998 and that briefing continued to be suspended pending the completion of transcript on procedural matters.

## DISCUSSION

"[D]ue process can be denied by any substantial retardation of the appellate process, including an excessive delay in the furnishing of a transcription of testimony necessary for completion of an appellate record." Rheuark v. Shaw, 628 F.2d 297, 302 (5th Cir. 1980); see also United States v. Bermea, 30 F.3d 1539, 1568 (5th Cir. 1994) (noting that a state can violate due

---

[1]Mims obtained a certificate of appealability on April 18, 1998.

3

process if it substantially delays the appellate process it provides for convicted criminal defendants). To determine whether a state's delay in processing a prisoner's appeal violates due process, we have adopted the four factors applied by the Supreme Court in pre-trial delay cases. See Barker v. Wingo, 407 U.S. 514, 530, 92 S. Ct. 2182, 2192 (1972); Shaw, 628 F.2d at 303. Those factors include 1) length of delay; 2) the reason for the delay; 3) the defendant's assertion of his right; and, 4) the prejudice to the defendant. Id. at 303 n.8. The most important factor, prejudice to the defendant, see Bermea, 30 F.3d at 1569, focuses on three types of potential prejudice that may result from appellate delay: 1) extended oppressive incarceration pending appeal; 2) the anxiety and concern of the convicted party awaiting the outcome of the appeal; and, 3) impairment of the convicted party's grounds for appeal or the viability of his defenses in the event of retrial. Shaw, 628 F.2d at 303 n.8.

It is not at all clear that Mims met the threshold requirement of demonstrating an undue length of time while awaiting a chance to appeal. See Barker, 407 U.S. at 530, 92 S. Ct. at 2192 ("Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance."). At least this prong of Barker should weigh slightly in his favor based on the status of his appeal at the time of filing his federal petition. We also assume arguendo that Mims

4

satisfied the second and third criteria under <u>Barker</u>.  These points are, however, not enough; Mims must also satisfy the prejudice prong.

The only prejudice alleged by Mims is his counsel's inability to fully prepare for his direct appeal.  According to Mims, his appellate counsel did not represent him at trial and, without the trial transcript, cannot evaluate the testimony and evidence presented at trial.  This is not the sort of prejudice that rises to a due process deprivation.  The Louisiana appellate court has repeatedly ordered the whole transcript and has reduced any potential prejudice pending receipt of a complete record by delaying the briefing schedule.[2]  Mims's counsel will thus have ample time to review the record and file an effective appeal.  The potential prejudice alluded to by Mims has been minimized or eliminated.

We hold that although the ongoing delay has been unfortunate, the prejudice alleged by Mims is insufficient to qualify as a due process violation.  Since he has alleged no other prejudice, we **AFFIRM** the denial of habeas corpus relief.

**AFFIRMED.**

---

[2]After the district court denied appellant's petition, the Louisiana Fourth Circuit issued a briefing schedule, but the court, pursuant to Mims's request, suspended the briefing schedule to allow appellant's counsel time to supplement the record further.