IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-20727
Summary Calendar
_____

JESSE R. HILL,

                                          Plaintiff-Appellant,

versus

CHARLES BACARISS,

                                          Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1970
--------------------
November 20, 2000

Before SMITH, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:*

Jesse R. Hill, Texas prisoner # 694559, argues that the district court erred in dismissing his 42 U.S.C. § 1983 claim for failure to state a claim upon which relief may be granted. Hill argues that he was denied his rights of access to the courts and due process as a result of the clerk's delay in transmitting his state postconviction record to the Texas Court of Criminal Appeals.

Neither Hill's allegations nor his responses to the district court's request for a more definite factual statement of his

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

claims reflect that he suffered any actual prejudice as a result of the delay in the clerk's processing of his postconviction application.  See Chriceol v. Phillips, 169 F.3d 313, 317 (5th Cir. 1999).

Hill's complaint does not support a denial-of-due-process claim because his allegations do not reflect that the delay precluded or prejudiced Hill's ability to present his postconviction claims to the appellate court.  Further, the attachments to his complaint reflect that the delay was caused in part because the state district court determined that Hill's claims required further factual development.  Hill failed to state a claim for a violation of his right to due process.  See Mims v. LeBlanc, 176 F.3d 280, 282 (5th Cir. 1999).

AFFIRMED.